

Squire Patton Boggs (US) LLP
1211 Avenue of the Americas, 26th Floor
New York, New York  10036

O   +1 212 872 9800
F   +1 212 872 9815
squirepattonboggs.com

Adam R. Fox
T   +1 212 872 9864
adam.fox@squirepb.com

September 20, 2022

**VIA ECF**

Honorable Nelson S. Román
Southern District of New York
United States Courthouse
300 Quarropas Street
White Plains, NY 10601

Re: *Dalewitz v. Procter & Gamble Co.*, **Case No. 7:22-cv-07323-NSR (S.D.N.Y. 2022): Pre-Motion Conference Letter for Motion to Dismiss.**

Dear Judge Román:

Pursuant to your Individual Practice Rule 3(A)(ii) and Local Rules 5.2(b) & 7.1(d), The Procter & Gamble Company ("P&G") requests a pre-motion conference before filing a motion to dismiss. This putative class action concerns the alleged false and misleading advertising of Oral-B Glide dental floss products (collectively "Glide"). Based on information and belief, plaintiff alleges that Glide "*most likely* contains per- and polyfluoroalkyl substances ('PFAS')" with the potential for adverse health effects. *See* ECF 1, Compl. at 1 (prefatory statement) (emphasis added) & ¶ 22; *see also id.* ¶¶ 18, 21, & 85 (alleging the "likely" presence of PFAS).

Plaintiff's speculation regarding this purported likelihood is not based on any fact, testing, or allegation suggesting the actual presence of PFAS. Rather, plaintiff bases his conclusion on undisclosed procedures that "screened for organic fluorine, also known as organofluorine," which plaintiff contends is a "*proxy* for the presence of PFAS in a product." *Id.* ¶¶ 37 & 41 (emphasis added). Plaintiff does not — and could never reasonably — allege that the mere presence of organofluorine molecules in a product is problematic. For example, many commonly used polymers, such as Gore-Tex, have organofluorine molecules and are widely and safely used in products by millions of people every day. Yet the complaint alleges that P&G violated New York General Business Law ("GBL") §§ 349 & 350 (Counts I & II), and committed common-law fraud (Count III) based only on plaintiff's speculation from organofluorine screening.

Plaintiff's fluorine proxy theory has been squarely rejected by the courts that have considered it, including a **federal district court that dismissed claims related to Glide** because there was no plausible allegation that it contained harmful PFAS or posed any risk of harm to consumers. *See Andrews v. P&G*, No. EDCV 19-00075, 2019 U.S. Dist. LEXIS 211567 (C.D. Cal. June 3, 2019) (attached as Exh. A). In *Andrews*, the Court confronted and rejected the notion that even peer-reviewed, published testing of fluorine detections in Glide could provide a basis for a claim of false or misleading advertising. *See id.* at *7–9. The plaintiff also premised his claims on a publication of results of screening for the presence of "fluorine," which demonstrated only that

Squire Patton Boggs (US) LLP is part of the international legal practice Squire Patton Boggs, which operates worldwide through a number of separate legal entities.

Please visit squirepattonboggs.com for more information.

"PFASs *might* be present." *Id.* at *8. The court observed that Glide "was never tested for PFASs," and that even the study's authors cautioned that "additional data" was needed to verify whether the PFAS in Glide — if any — could even "migrate into the saliva or onto hands" and thereby "contribute to an individual's body burden of PFAS[s]." *Id.* (internal quotation marks omitted).

Plaintiff in this case anchors his claims to the same study with the same significant limitations of its reported data. *See* Compl. ¶¶ 13 n.14, 30 n.22, 33 n.25 & 100 n.35. Plaintiff concludes that the study shows Glide is "associated" with two particular PFAS compounds. *Id.* ¶¶ 35, 65. Plaintiff omits, however, the context that the "study" did not test for any PFAS compounds in Glide or any other product, did not make any conclusions regarding exposure or causation, and instead only reported correlations that were insufficient to support a claim. The study also reported, for example, a correlation between PFAS blood levels and college attendance. *See* Boronow Paper, 29 J. EXPOSURE SCI. ENVTL. EPIDEMIOLOGY 206, 213–14 (2019) ("More education was associated with higher PFHxS among non-Hispanic whites . . . .") (as incorporated by Compl. ¶ 13 n.14). Because there was no plausible factual allegation that Glide contained harmful PFAS compounds or posed any risk to users, the *Andrews* court dismissed the Glide claims. P&G's contemplated motion seeks dismissal of plaintiff's claims for the same reasons.

More recently, another court dismissed a similar case — brought by one of plaintiff's counsel — alleging false advertising of a different product purportedly containing PFAS. *GMO Free USA v. Cover Girl Cosmetics*, No. 2021 CA 004786 B, *slip op.* at 4–5 (D.C. Super. Ct. June 1, 2022) (attached as Exh. B). In that case, the plaintiff argued that a cosmetic powder included polytetrafluoroethylene ("PTFE"), one of thousands of distinct PFAS compounds, and that it was "neither sustainable nor safe, as reasonable consumers understand these terms." *Id.* at 4. Observing that "different PFAS have potential different health effects and that PTFE has not been found to be toxic or environmentally unsafe," the court dismissed the plaintiff's claim. *Id.* The court rejected the notion that "defendants were obligated to disclose . . . that their product contains PTFE" and noted "that PTFE is one of thousands of PFAS chemicals and that research does *not* indicate that PTFE is unsafe or unsustainable." *Id.* at 7 (emphasis added).

Plaintiff here acknowledges that P&G discloses that PTFE is used in dental floss. *See* Compl. ¶ 31. Plaintiff also admits that there are "more than 9,000" different kinds of PFAS, and cites an article observing that the FDA "favors regulating [PFAS] individually . . . because concerns about one specific PFAS might not be 'indicative of concerns for all chemicals classified as PFAS.'" *Id.* ¶¶ 7 & 41 n.32. Plaintiff admits the absence of any factual information that Glide contains any harmful PFAS, *see id.* ¶ 32 (admitting "consumers have no way to confirm the source of the PFAS in the Product, nor can they identify which of the thousands of PFAS chemical are in the Product"), or that it exposes any consumers to actual harm. Like *GMO Free*, generalized allegations regarding PFAS as a category of compounds are not sufficient to state a claim for consumer deception.

New York law likewise compels dismissal. "The elements of a cause of action under both §§ 349 and 350 are that: '(1) the challenged transaction was "consumer-oriented"; (2) defendant engaged in deceptive or materially misleading acts or practices; and (3) plaintiff was injured by reason of defendant's deceptive or misleading conduct.'" *McVetty v. Tomtom N. Am., Inc.*, No. 19 Civ. 4908, 2022 U.S. Dist. LEXIS 125862, at *10 (S.D.N.Y. July 15, 2022) (Román, J.) (citations omitted). "Deceptive acts" are those "likely to mislead a reasonable consumer acting reasonably

under the circumstances." *Chufen Chen v. Dunkin' Brands, Inc.*, 954 F.3d 492, 500 (2d Cir. 2020) (quoting *Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013)). Further, "[i]t is well settled that a court may determine as a matter of law that an allegedly deceptive advertisement would not have misled a reasonable consumer." *Id.* (internal quotation marks and citation omitted).

Nothing in the complaint identifies anything materially misleading or deceptive about Glide's marketing and fails to allege that Glide actually contains any harmful PFAS. *See* Compl. ¶¶ 18 & 31–32. Plaintiff's alleged screening for fluorine does not support the conclusory assertion that Glide contains a harmful PFAS. *See Andrews*, 2019 U.S. Dist. LEXIS 211567 at *8; *Marom v. City of New York*, No. 15-cv-2017, 2016 U.S. Dist. LEXIS 28466, *29 (S.D.N.Y. Mar. 7, 2016) (dismissing claim by deeming "speculative" plaintiffs' allegations about facts they deemed "likely"); *Turnipseed v. Simply Orange Juice Co.*, No. 20 Civ. 8677, 2022 U.S. Dist. LEXIS 38823, at *13–14 (S.D.N.Y. Mar. 4, 2022) (Román, J.) (rejecting claims based on "a laboratory test" for failure "to provide any details whatsoever about what this laboratory test entailed"); *Brodie v. Green Spot Foods, LLC*, 503 F. Supp. 3d 1, 13 (S.D.N.Y. 2020) ("Courts in this Circuit look unfavorably upon conclusory pleadings made on information and belief . . . especially with regard to consumer fraud claims such as those under GBL § 349.") (citations omitted).

This is particularly true of plaintiff's omission theory because there is no actual allegation of an omission. Generally, courts require an actual threat of harm — not mere conjecture — for an omission to be "material." *Parks v. Ainsworth Pet Nutrition, LLC*, 377 F. Supp. 3d 241, 248 (S.D.N.Y. 2019). Indeed, plaintiff's claims fail because he does not plead any specific injury-in-fact, and thus lacks Article III standing. *Akridge v. Whole Foods Mkt. Grp., Inc.*, No. 20 Civ. 10900, 2022 U.S. Dist. LEXIS 59069, at *16–18 (S.D.N.Y. Mar. 30, 2022); *see also Goldemberg v. Johnson & Johnson Consumer Cos.*, 8 F. Supp. 3d 467, 480–81 (S.D.N.Y. 2014) (Román, J.) (citation omitted). For similar reasons, plaintiff's "fraud" claim fails. *Turnipseed*, 2022 U.S. Dist. LEXIS 38823, at *22–24.

Plaintiff also complains about a "Pro Health" message associated with Glide, although he does not allege this to appear on what he purchased. *See* Compl. ¶¶ 25–26. Even if it did, this phrase constitutes paradigmatic puffery — "generalized or exaggerated statements which a reasonable consumer would not interpret as a factual claim upon which he could rely." *Fink v. Time Warner Cable*, 810 F. Supp. 2d 633, 644 (S.D.N.Y. 2011); *George v. Starbucks Corp.*, 857 F. App'x 705, 706 (2d Cir. 2021); *see also Weight Watchers Int'l, Inc. v. Noom, Inc.*, 403 F. Supp. 3d 361, 371 (S.D.N.Y. 2019) ("Statements promoting a 'healthier you' fall comfortably within the category of non-actionable puffery, and do not plausibly support a claim of false advertising.") (citation omitted). Describing a dental hygiene product as "pro health" presents no actionable misstatement.

For each of these and other reasons, and as will be more fully explained in P&G's motion, the Court should dismiss Plaintiff's complaint in its entirety.

Respectfully submitted,

*/s/ Adam R. Fox*

Adam R. Fox