USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __3/11/2025__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALAN DALEWITZ,
*on behalf of himself and all others similarly situated*

                         Plaintiffs,

   -against-

THE PROCTER & GAMBLE COMPANY,
                         Defendant.

No. 22-cv-07323 (NSR)
**OPINION & ORDER**

NELSON S. ROMÁN, United States District Judge:

On August 26, 2022, Plaintiff Alan Dalewitz ("Plaintiff"), individually and on behalf of other individuals similarly situated, commenced this putative class action against The Procter & Gamble Company ("Defendant" or "P&G") (collectively, the "Parties") asserting that Defendant's Oral-B Glide Dental Floss products (the "Product" or "Oral-B Glide") is marketed in a way that is misleading to consumers due to the alleged presence of per- and polyfluorinated substances ("PFAS"). (ECF No. 1.) On September 22, 2023, this Court dismissed Plaintiff's initial complaint with leave to amend. (ECF No. 14.) Plaintiff filed his First Amended Complaint ("FAC") on November 13, 2023. (ECF No. 17.) Both the initial complaint and FAC brought three causes of action: (1) violation of New York's General Business Law ("N.Y. G.B.L.") § 349 (Count I); (2) violation of N.Y. G.B.L. § 350 (Count II); and (3) fraudulent concealment (Count III). The Parties were in the process of briefing Defendant's Motion to Dismiss Plaintiff's FAC and per an Order dated November 29, 2023, the Court directed all motion papers to be filed by the parties on the reply date, March 8, 2024.

On February 2, 2024, after Defendant served their motion to dismiss the FAC but before the completion of the full briefing schedule, Plaintiff submitted a letter motion requesting leave to

1

file a Second Amended Complaint ("SAC") under Federal Rule of Civil Procedure 15(a)(2), which included a proposed amended complaint incorporating direct PFAS testing results. (ECF No. 20.) Defendant subsequently filed a letter in opposition. (ECF No. 21.) The Court granted Plaintiff leave to file the SAC, denied Defendant's request to a file a motion to dismiss the Amended Complaint without prejudice to renew upon resolution of the Plaintiff's motion to amend, and set a new briefing schedule for the instant motion before the Court. (ECF No. 23.) The Parties fully briefed Plaintiff's Motion to Amend on June 4, 2025: Plaintiff's Memorandum of Law in Support of Motion ("Pl. Mem") (ECF No. 24), Defendant's Memorandum of Law in Opposition ("Def. Opp'n") (ECF No. 25), and Plaintiff's Reply ("Reply") (ECF No. 26).

For the following reasons, Plaintiff's Motion to Amend is GRANTED.

## LEGAL STANDARD

*Federal Rule of Civil Procedure 15(a)(2)*

A party may amend a pleading once as a matter of course or at any time before trial with leave of the court. Fed. R. Civ. P. 15(a)(1)-(2). When a party seeks leave to amend a pleading, "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Nevertheless, the Court may deny leave to amend for "[r]easons [of] ... undue delay, bad faith, futility of amendment, and perhaps most important, the resulting prejudice to the opposing party." *State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)) ("In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.–the leave sought should, as the rules require, be 'freely given.'")

It is within a District Court's discretion whether to grant leave to amend, but to do so without "any justifying reason" is to abuse that discretion. *Id*. That is, a District Court must have a "good reason" to deny a motion to amend, one usually based on the factors listed in *Forman*. *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). Rule 15's permissive nature accords with this Circuit's "strong preference" to resolve disputes on the merits. *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec. LLC*, 797 F.3d 160, 190 (2d Cir. 2015) (quoting *Williams v. Citigroup Inc.*, 659 F.3d 2018, 212-13 (2d Cir. 2011)). Indeed, absent a showing of prejudice or bad faith, practice in this Circuit is to grant a motion to amend. *Block v. First Blood Associates*, 988 F.2d 344, 350 (2d Cir. 1993).

## DISCUSSION

Defendant argues that the Court should deny Plaintiff's motion to amend because Plaintiff has not demonstrated extraordinary circumstances or good cause to amend complaint, and allowing Plaintiff to file a SAC would be futile because it fails to state a claim or demonstrate that Plaintiff has Article III standing. (Def. Opp'n p. 6.) The Court finds these arguments unavailing.

Courts in this Circuit have consistently demonstrated a strong preference to grant leave to amend, viewing the Fed. R. Civ. P. 15(a)(2) directive that leave to amend be 'freely give[n] ... when justice so requires' as a "lenient standard." *Scalia v. Sarene Servs., Inc.*, 2024 WL 3424722 (E.D.N.Y. July 15, 2024). "Under this liberal standard, a motion to amend should be denied only if the moving party has unduly delayed or acted in bad faith, the opposing party will be unfairly prejudiced if leave is granted, or the proposed amendment is futile." *Agerbrink v. Model Serv. LLC*, 155 F. Supp. 3d 448 (S.D.N.Y. 2016). After considering these factors, addressed in turn below, the Court grants Plaintiff's Motion to Amend.

3

*Undue Delay*

In the Second Circuit, "[m]ere delay, [ ] absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." *Parker v. Columbia Pictures Industries*, 204 F.3d 326, 339 (2d Cir.2000) (quoting *State Teachers Retirement Board v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir.1981)). Where a "significant period of time has passed prior to filing a motion to amend ... the moving party must provide an explanation for the delay." *Agerbrink*, 155 F. Supp. 3d 448, 453. Plaintiff sought leave to file a SAC mere months after filing his FAC, hardly a significant period of time.

Nonetheless, Plaintiff provides an explanation for not including the direct PFAS testing in his FAC such that it necessitates seeking leave to file a SAC. Prior to the proposed SAC, Plaintiff relied on a Total Organic Fluorine test ("TOF") to test the Product for PFAS, which can accurately determine PFAS content within samples. Plaintiff's counsel facilitated direct PFAS testing of the Product at issue on Plaintiff's behalf on or about October 26, 2023. (Richman Decl. ¶ 6, ECF No 24-2.) The direct PFAS testing results were not yet available in time to file his FAC on November 13, 2023 (*id.*), a deadline imposed by this Court after Plaintiff had requested a 60-day extension and was granted a 30-day extension. (ECF No. 16.) Plaintiff received results of the direct PFAS testing on or about January 18, 2024. (Richman Decl. ¶ 7.) Twelve days later, on January 30, 2024, Plaintiff's counsel notified defense counsel of Plaintiff's intention to amend the FAC due to recent test results confirming the presence of specific PFAS chemicals in the Product. (*Id.* ¶ 8.) The Court finds this explanation is sufficient. Indeed, even if, as Defendant argues, Plaintiff should have anticipated needing a direct PFAS test, courts in this Circuit have granted plaintiff's motions to amend despite comparable—and even longer—intervals between a party's discovery of relevant facts and filing of an amended pleading. *See, e.g., Richardson Greenshields Securities, Inc. v. Lau*,

825 F.2d 647, 653 n. 6 (2d Cir.1987) (collecting cases where leave to amend granted after delays ranging from two to five years); *Affiliated FM Insurance Co. v. Liberty Mechanical Contractors, Inc.*, No. 12 Civ. 5160, 2013 WL 4526246, at *5 (S.D.N.Y. Aug. 27, 2013) (allowing amendment after nine months despite movant's knowledge of relevant information at time of initial pleading because party "need not prove that they uncovered new facts or law" to receive leave to amend). Moreover, under the liberal standard of 15(a)(2), leave to amend may be appropriate at any stage of litigation. *Duling v. Gristede's Operating Corp.*, 265 F.R.D. 91, 97 (S.D.N.Y. 2010).

While the Second Circuit has not set out a specific duration for undue delay, "most delays warranting denial of leave to amend are several years in length and are discussed in conjunction with prejudice or bad faith." *See, e.g., Ruotolo v. City of New York*, 514 F.3d 184, 190-92 (2d Cir. 2008). Consequently, the Court's inquiry does not conclude at its evaluation of delay and turns to assessing potential indicia of prejudice or bad faith.

*Prejudice*

The Second Circuit has stated that prejudice to the opposing party resulting from a proposed amendment is among the "most important" reasons to deny leave to amend. *AEP Energy Services Gas Holding Co. v. Bank of America, N.A.*, 626 F.3d 699, 725 (2d Cir. 2010). For purposes of determining whether allowing a party to amend its pleadings would be prejudicial to the non-moving party, courts in this Circuit considers whether an amendment would require "an opponent to expend significant additional resources to conduct discovery and prepare for trial [or] significantly delay resolution of dispute. . ." *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir.1993). Here, Plaintiff's motion would not prejudice Defendant. This case is still at the pleadings stage—Defendant has not filed an Answer, and discovery has not yet commenced. *See Scott v. Chipotle Mexican Grill, Inc.*, 300 F.R.D. 193, 200 (S.D.N.Y.2014) ("A court is more likely

5

to find an amendment prejudicial if discovery has closed."). Notably, the proposed SAC eliminates the fraudulent concealment claim (Claim III) of the initial complaint and FAC and otherwise bases the same allegations on a direct PFAS test rather than a TOF test. Therefore, the SAC will not require Defendant to expend additional resources to conduct discovery or prepare for trial, or further delay resolution of this dispute. Given its incipient posture, the Court concludes that it benefits judicial economy and conserves both Parties' resources to allow Plaintiff to amend his pleading at this stage, prior to discovery. Thus, the Court finds that amendment of Plaintiff's complaint will not pose undue prejudice to P&G.

*Bad Faith*

P&G contends that Plaintiff seeks to amend complaint in bad faith because his "strategic choice not to perform specific PFAS testing before filing suit, and to wait to do so only after dismissal" amount to "tactical decisions, in the face of all the information available to him." (Deft. Opp'n at 7.) Bad faith exists where a party conveyed "a misleading impression that claims were fixed or where the earlier decision not to plead additional allegations 'was a tactical one.'" *AT&T Corp. v. Atos IT Sols. & Servs., Inc.*, 714 F. Supp. 3d 310, 340 (S.D.N.Y. 2024) (citations omitted). Neither is the case here. Plaintiff requested a 60-day extension to file his FAC from the Court in order to pursue additional testing, which the Court partially granted by granting him a 30-day extension. (ECF No. 16.) "[W]hen the opponent of an amendment asserts that the movant is acting in bad faith, there must be something more than mere delay or inadvertence for the court to refuse to allow the amendment. *Primetime 24 Joint Venture v. DirecTV, Inc.*, No. 99 Civ. 3307, 2000 WL 426396, at *5 (S.D.N.Y. April 20, 2000).

Defendant contends that Plaintiff should have conducted direct PFAS testing earlier in the litigation and their decision to do so underscores actions taken in bad faith. However, the relevant

6

inquiry is whether any delay in amending is done in bad faith. "While not much case law exists in this Circuit about what constitutes bad faith for the purpose of denying a motion for leave to amend a pleading, a finding that a party is seeking leave to amend solely to gain a tactical advantage supports a finding that such an amendment is made in bad faith." *Franco v. Diaz*, 51 F. Supp. 3d 235, 245, (E.D.N.Y. Sept. 12, 2014) (citing *Youngbloods v. BMG Music*, 07 Civ. 2394, 2011 WL 43510, at \*9 (S.D.N.Y. Jan. 6, 2011)). Here, Plaintiff could have completed the briefing schedule for Defendant's motion to dismiss the FAC before bringing forth the direct PFAS results, thus causing unnecessarily delays. Instead, Plaintiff alerted Defendant less than two weeks after receiving test results that he intended on seeking leave to file a SAC. The Court finds that Plaintiff's prompt notice to Defendant regarding the proposed SAC closely following receipt of the PFAS test results militates against a finding of bad faith in his pursuit to amend. Further, Defendants' conclusory allegations of bad faith are insufficient to denying Plaintiff's amendment. Therefore, the Court does not find that Plaintiff seeks to amend in bad faith.

*Amendment Futile*

Finally, the Court concludes that Plaintiff's proposed amendments would not be futile. "In the interests of judicial economy and in the absence of undue prejudice, the Court may decline to engage in a detailed futility analysis where the Court finds that these arguments are better suited for consideration in the context of a motion to dismiss." *Dominguez v. Walsh*, 2023 WL 6199861, at \*4 (S.D.N.Y. Sept. 22, 2023). The Court adopts that approach here and reserves its full analysis on the alleged futility of Plaintiff's proposed amended allegations for the Court's eventual opinion on Defendant's anticipated motion to dismiss what will be Plaintiff's Second Amended Complaint.

The Court notes, however, that Plaintiff's proposed amended allegations appear responsive to deficiencies raised by the Defendant against the Complaint—*e.g.*, the proposed SAC identifies

7

specific PFAS chemicals in the Product and Plaintiff now avers that the product he purchased from Defendant did, in fact, contain PFAS and, consequently, Plaintiff suffered an injury as needed for Article III standing. *Cf. McBeth v. Porges*, S.D.N.Y.2016, 171 F.Supp.3d 216. (Leave to amend claim was not warranted where plaintiff did not give any indication that he was in possession of facts that would cure problem identified.) Correspondingly, the Court cannot conclude at this point that Plaintiff's proposed amended allegations are futile.

## CONCLUSION

Therefore, the Court finds, in its discretion, that the weight of the relevant aspects of considering a motion to amend counsels towards granting Plaintiff's motion. Accordingly, Plaintiff's request for leave to file a Second Amended Complaint is hereby GRANTED. Plaintiff shall file the Second Amended Complaint by March 19, 2025. Defendant is then directed to answer or otherwise seek leave to move in response to the Second Amended Complaint by April 9, 2025. The Clerk of Court is kindly directed to terminate the motion at ECF No. 24.

Date: March 11, 2025  
White Plains, NY

SO ORDERED:

NELSON S. ROMÁN  
United States District Judge